IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF TENNESSEE
GREENEVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 2:12-CR-080 |
| | ) | |
| KEVIN MICHAEL ANDIES | ) | |

**O R D E R**

Two motions are now pending before the court. The defendant's "Motion to Suppress and Request for a Hearing Pursuant to Franks v. Delaware" [doc. 55] was filed on January 20, 2013. The defendant's "Motion to Suppress" [doc. 57] was filed on January 22, 2013. For the reasons that follow, both motions will be summarily denied.

I.

*Relevant Background*

A four-count indictment charges the defendant with two methamphetamine offenses and two firearms offenses. The defendant was initially represented by court-appointed counsel. On November 20, 2012, the defendant filed a motion to substitute counsel. The motion was granted the following day, and a privately-retained attorney became defense counsel of record.

The court's Order on Discovery and Scheduling set a motion deadline of October 22, 2012. In keeping with that deadline, the defendant filed an October 22, 2012 motion to suppress. Chief United States Magistrate Judge Dennis H. Inman conducted a

motion hearing on October 31, 2012. The magistrate judge then filed a report and recommendation ("R&R"), recommending that the motion be denied. No objections were filed. On November 20, 2012, the undersigned adopted the magistrate judge's findings and conclusions, and the suppression motion was denied.

The defendant's current counsel then filed a motion to continue. Magistrate Judge Inman granted that motion, ordering in material part,

> The deadline for filing pretrial motions already has expired. Nevertheless, **in the event defendant can show good cause** for the filing of other pretrial motions, such motions shall be filed by **January 17**, 2013.

[Doc. 50, p.2] (emphasis added).

On January 17, 2013, the defendant filed an unopposed motion for extension of time. Specifically, he requested "additional time until January 21, 2013, in which to file his Pretrial Motions." [Doc. 53, p.2].[1] Magistrate Judge Inman granted the requested relief, allowing the defendant "additional time to file pretrial motions, until Monday, January 21, 2013." [Doc. 54].

II.

*Document 55*

Evidence that the defendant manufactured methamphetamine was obtained February 29, 2012, upon the execution of a state search warrant. At the October 31 motion hearing, defendant's then-attorney argued that several factual assertions in the affidavit filed

---

[1] January 21, 2013, was a legal holiday. *See* Fed. R. Crim. P. 45(a)(6)(A).

2

in support of the application for a search warrant were false. The magistrate judge addressed that oblique request for a *Franks* hearing in his R&R.

As noted, the defendant filed the instant suppression/*Franks* motion on January 20, 2013. Although the motion is longer, and accompanied by a plethora of exhibits, it nevertheless is the same motion as the one filed on October 22 (and denied without objection on November 20). The current motion has simply been filed by a new lawyer.

The defendant's original motion has been heard and ruled upon. The present motion [doc. 55] attacks the very same issues as the original. [Doc. 56, unnumbered p.6]. This court will not allow a "do-over" merely because a defendant has retained a new lawyer.

As noted, the defendant was allowed until January 17, 2013 (and then January 21, 2013), to file additional pretrial motions if he showed "good cause." Document 55 is timely, but the defendant has failed to demonstrate good cause for its filing. Instead, the current motion does not even mention the prior motion or the resultant R&R and order denying it.

The current motion may perhaps be better-characterized as a belated objection to the R&R. No matter what it is called, the defendant has made no effort to justify the filing.

The order that allowed the defendant's new attorney to submit additional motions upon a showing of good cause did not contemplate the *re-filing* of motions already filed and denied. Again, to allow a defendant to do so by merely hiring a new lawyer would

3

completely frustrate the court's deadlines and scheduling orders. For all these reasons, the defendant's suppression/*Franks* motion will be denied.

III.

*Document 57*

The defendant requested, and was granted, a second extension of time until <u>a date specific</u> - January 21, 2013 - to file additional motions upon a showing of good cause. The defendant did not file document 57, however, until the evening of January **22**, 2013. Because the motion is untimely, it will be denied.

As with document 55, the defendant makes no effort to address the obvious problem with his filing - in this case, its untimeliness. The court recognizes that January 21 was a legal holiday, but that fact is of no import. Had the defendant been facing a deadline to be calculated by computing a period of time based on a certain number of days or hours, then the legal holiday would have extended the motion filing deadline until January 22. *See* Fed. R. Crim. P. 45(a)(1)-(3). But that is not the case. The defendant asked for, and was granted, an extension to the date certain of January 21, 2013. That date certain passed, and the issues raised in the motion have now been waived. *See Violette v. P.A. Days, Inc.*, 427 F.3d 1015, 1018-19 (6th Cir. 2005) (applying the provisions of Fed. R. Civ. P. 6(a), which are identical to Fed. R. Crim P. 45(a)); *Fleischhauer v. Feltner*, 3 F.3d 148, 151 (6th Cir. 1993) (same); Fed. R. Crim. P. 12(e); *see also United States v. Traficant*, 368 F.3d 646, 653 (6th Cir. 2004) (the constitutional nature of an untimely filing does not require the district

4

court to overlook its untimeliness).

## IV.

*Conclusion*

As set forth herein, the defendant's "Motion to Suppress and Request for a Hearing Pursuant to Franks v. Delaware" [doc. 55], and his "Motion to Suppress" [doc. 57] are **DENIED**.

**IT IS SO ORDERED.**

ENTER:

　　　　　　　　　　　　　　　　s/ Leon Jordan
　　　　　　　　　　　　　　　United States District Judge